[865 NYS2d 408]

In the Matter of CHARLES L. DAVIS, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, October 3, 2008

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Charles L. Davis*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 11, 1974, and at all times relevant to this proceeding maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct in connection with his own bankruptcy proceeding and the operation of his personal injury law practice. Respondent filed an answer denying material issues of fact, and a referee was appointed to conduct a hearing. Following the hearing, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent filed papers in response to the motion and waived his opportunity to appear before this Court on the return date of the motion.

The Referee found that, during the pendency of a proceeding filed by respondent under chapter 7 of the Bankruptcy Code (11 USC), respondent earned legal fees in an amount in excess of $500,000 and that, despite his legal obligation to disclose to the bankruptcy trustee his receipt of the fees and in contravention of court orders directing him to do so, respondent neither disclosed nor delivered the fees to the bankruptcy trustee.

The Referee also found that respondent signed and filed consents to change attorney for the majority of his pending personal injury cases and transferred the cases to his son, a newly admitted attorney who was then employed by respondent. Furthermore, notwithstanding the transfer, respondent continued to handle the cases.

Additionally, the Referee found that, at respondent's request, respondent's son opened an operating account and an attorney trust account in his name as sole signatory. After his son no longer was employed by him and unbeknownst to respondent's son, respondent continued to use the accounts. Respondent made deposits therein, he issued checks drawn on the accounts by signing his son's name or by using blank checks that had been presigned by his son at respondent's behest, and he endorsed checks with the name of his son. He also signed his son's name on legal documents, notarized the signatures and filed the documents with the county clerk. The Referee further

found that respondent continued to enlist new clients using retainer agreements that identified his son as attorney of record.

Finally, the Referee found that respondent commingled client funds with personal funds, used an account labeled as an attorney trust account solely for the deposit and withdrawal of personal funds, made cash withdrawals from an attorney trust account, issued checks drawn on the attorney trust account for the payment of personal expenses, and failed to provide documentation requested by the Grievance Committee during its investigation, resulting in the issuance of a subpoena by this Court with which respondent has not complied.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (2) (22 NYCRR 1200.3 [a] [2])—circumventing a disciplinary rule through actions of another;

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 1-104 (d) (1) (22 NYCRR 1200.5 [d] [1])—ordering another lawyer to engage in conduct that would be a violation of the disciplinary rules if engaged in by a lawyer;

DR 7-102 (a) (3) (22 NYCRR 1200.33 [a] [3])—concealing or knowingly failing to disclose that which he is required by law to reveal in the representation of a client;

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of law or fact in the representation of a client;

DR 7-102 (a) (8) (22 NYCRR 1200.33 [a] [8])—knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule in the representation of a client;

DR 7-106 (a) (22 NYCRR 1200.37 [a])—disregarding a ruling of a tribunal made in the course of a proceeding;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) and (2) (22 NYCRR 1200.46 [b] [1], [2])—failing to maintain client funds in a special account separate from his business or personal accounts and to identify such special account;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee.

We have considered, in mitigation, respondent's submission regarding his health problems. Respondent, however, has committed egregious misconduct. Additionally, we have considered the failure of respondent to acknowledge the commission of his misconduct, the ongoing nature of the misconduct and that respondent has previously received six letters of caution. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.

SCUDDER, P.J., LUNN, FAHEY and PINE, JJ., concur.

Order of disbarment entered.